UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BORMUTH,

    Plaintiff,

v.

CONSUMERS ENERGY COMPANY,

    Defendant.

Case No. 23-11307
Honorable Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

---

**OPINION AND ORDER OVERRULING BORMUTH'S OBJECTION [16], ADOPTING REPORT AND RECOMMENDATION [15], AND GRANTING CONSUMERS' MOTION TO DISMISS [9]**

---

Peter Bormuth, a "non-[C]hristian individual" and "Pagan Druid," brings this *pro se* suit against Consumers Energy Company for treason, conspiracy, and equal protection violations under 42 U.S.C. §§ 1983 and 1985(3). (ECF No. 1, PageID.2, 8–18.) According to Bormuth, Consumers contributed money to Citizens for Energizing Michigan's Economy, which in turn donated money to Republican candidates for the state legislature who sought to promote Christian values in Michigan. (*Id.* at PageID.4–6.) Bormuth claims that this threatens his rights as a Pagan and a non-Christian for a variety of reasons. (*Id.* at PageID.6–8.) In lieu of answering, Consumers moved to dismiss the complaint. (ECF No. 9.)

All pretrial matters were referred to Magistrate Judge Kimberly G. Altman. (ECF No. 7.) Magistrate Judge Altman recommended that the motion to dismiss be granted. (ECF No. 15, PageID.158–159.) First, she found that Bormuth lacked standing to bring his claims—since his harms were not concrete or immediate, any

harms he may have suffered were not fairly traceable to Consumers, and there is no ratepayer standing to challenge how rate collectors like Consumers use those funds. (*Id.* at PageID.163–169.) And second, Judge Altman found that Bormuth failed to state a claim—since treason and conspiracy are criminal statutes that do not create private causes of action, and Consumers is not a state actor and so cannot violate § 1983. (*Id.* at PageID.169–177.) Bormuth's objections to that recommendation are now before the Court. (ECF No. 16.)

For the following reasons, the Court will overrule Bormuth's objections, adopt the recommendation, and dismiss the case.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Furthermore, a pro se litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), i.e., read "indulgently," *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Id.* (citation omitted); *see Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Bormuth makes seven objections to Magistrate Judge Altman's recommendation: (1) he has standing because his future injuries are fairly likely and fairly traceable to Consumers; (2) no future legislation is needed to show that Consumers conspired to violate the rights of non-Christians by giving "dark money" donations to legislators; (3) Judge Altman misapplied *Center for Biological Diversity v. Tennessee Valley Authority,* No. 21-319, 2022 WL 4137824 (E.D. Tenn. Sept. 12, 2022); (4) Bormuth should be given the opportunity to amend his complaint in lieu of dismissal; (5) the Treaty of Tripoli created fundamental rights on par with the Constitution that are still in effect today, the "Aid and Comfort" clause of the U.S. Constitution can apply to U.S. Citizens, and the Court has the power to appoint a special prosecutor to investigate Consumers for treason; (6) Consumers is a state actor because it is intertwined with the state due to its performance of public

3

functions; and (7) Bormuth has alleged facts to support an inference that Consumers conspired with Republican candidates to deprive Pagans of their right to a secular government. (*See* ECF No. 16.)

Four of his objections—one, two, six, and seven—merely restate arguments he already raised before Judge Altman and do not point out specific issues with Judge Altman's reasoning. (*See* ECF No. 16, PageID.184–190, 196–202; *see also* ECF No. 15, PageID.163–169, 173–177.) Rather, it appears Bormuth simply disagrees with Judge Altman's conclusions that he lacks standing, that there was no state action, and that he has not alleged facts to show Consumers conspired to violate his Constitutional rights. "Merely expressing disagreement with the conclusion reached by the Magistrate Judge is not sufficient to adequately state an objection." *Smith v. Comm'r of Soc. Sec.*, No. 15-13149, 2016 WL 4727473, at *2 (E.D. Mich. Sept. 12, 2016) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 15-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)). Accordingly, these objections are overruled.

His fourth objection raises an issue that was not brought before Judge Altman. (*See* ECF No. 16, PageID.191–193.) On review of a report and recommendation, the Court may not consider issues that were not raised before the magistrate judge. *Toland v. Corr. Med. Servs., Inc.*, No. 09-14660, 2010 WL 4683922, at *2 (E.D. Mich. Nov. 10, 2010) ("[A] district court will not review matters that are not first presented to the magistrate judge for decision."); *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate

4

judge's report and recommendation are deemed waived.") So this objection is overruled.

This leaves two objections—three and five—which the Court will address in turn.

Bormuth's third objection takes issue with Judge Altman's citation to *Biological Diversity*, 2022 WL 4137824. Bormuth argues that *Biological Diversity* is inapplicable to this case for three reasons: (1) *Biological Diversity* involved a factual attack on the plaintiff's complaint, whereas Consumers is making a facial attack; (2) *Biological Diversity* involved associational standing, whereas Bormuth is asserting individual standing; and (3) the harm asserted in *Biological Diversity* was generalized, whereas Bormuth asserts a particularized harm. (ECF No. 16, PageID.190–191.) Bormuth further asserts that he has met his burden to "demonstrate that the alleged harm is a traditionally[ ]recognized Article II harm," because "putting Christ in our state government is a traditional harm providing a basis for a lawsuit under the Establishment Clause." (*Id.* at PageID.191.)

As Consumers points out, Judge Altman cited *Biological Diversity* for the proposition that "a utility ratepayer, such as Bormuth, does not have federal standing to challenge how the utility uses its rate payments or its corporate profits." (ECF No. 15, PageID.168; *see also* ECF No. 17, PageID.224.) And Judge Altman is correct that this rule applies to Bormuth's claims, despite Bormuth's attempts to distinguish the two cases. None of the cited differences between *Biological Diversity* and the instant case impact the application of that reasoning here. The court in *Biological Diversity*

5

indicated that it would reject a facial challenge for the same reasons it rejected the factual challenge, 2022 WL 4137824, at *2 n.4, and that the individual members of the association lacked standing as well as the association itself, *id.* at *7, *9 n.12. And Bormuth's claimed injury, "forced contributions to [C]hristian speech" (ECF No. 16, PageID.191), is no more particularized than the *Biological Diversity* plaintiff's injury of "economic and First Amendment harm [when the defendant used] the members' rate payments in a manner with which they disagree[d]," 2022 WL 4137824, at *3.

In addition, to the extent that Bormuth is analogizing to the ability of taxpayers to bring Establishment Clause challenges, his argument fails. As Judge Altman correctly pointed out, the exception allowing taxpayer standing is "narrow" and applies "only when expenditures are expressly authorized or mandated by *an act of Congress*." (ECF No. 15, PageID.169 (citing *Hein v. Freedom From Religion Found., Inc.,* 551 U.S. 587, 605–9 (2007).) Here, there is no congressional action, so there is no taxpayer standing and no analogous ratepayer standing.

So Bormuth's third objection is overruled.

Bormuth's fifth objection mostly reiterates the same arguments he made to Judge Altman, but he does raise a few specific objections to Judge Altman's reasoning. He argues (1) the Treaty of Tripoli created fundamental rights on par with the Constitution, so it created a private right despite no explicit language to that effect; (2) the Treaty of Tripoli was not abrogated in 1912; (3) *United States v. Greathouse*, 26 F. Cas. 18 (C.C.N.D. Cal. 1863), was wrongly decided, and domestic rebels can commit treason under the "Aid and Comfort" clause, as the Supreme Court held in

6

*Sprott v. United States*, 87 U.S. 459 (1874); and (4) according to *Wemple v. Illinois State Bar Ass'n Members*, No. 13-3015, 2013 WL 319509 (C.D. Ill. Jan. 28, 2013), the Court has the power to appoint a special prosecutor. (ECF No. 16, PageID.193–196.)

However, none of these objections persuade.

As Judge Altman correctly explained, "[c]ourts have consistently held that there is no private cause of action for treason." (ECF No. 15, PageID.170 (collecting cases).) Regardless of whether the Treaty of Tripoli was terminated, whether the "Aid and Comfort" clause applies to U.S. citizens, or whether the Treaty of Tripoli created fundamental rights on par with the Constitution, Bormuth cannot sue Consumers for treason.

Nor can he compel the Court to appoint a special prosecutor to investigate the alleged treason—which it would not do in any event. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). Criminal statutes do not generally confer a private cause of action in a civil case. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). And *Wemple*, the case Bormuth cited, says nothing to the contrary. In fact, the court in *Wemple* said "[t]reason is a criminal action, which does not give rise to a private right of action" and "the Complaint [which raised six civil claims for treason] is based upon an indisputably meritless legal theory . . . and is frivolous." 2013 WL 319509, at *1.

Accordingly, Bormuth's fifth objection is overruled.

## III.

In sum, the Court OVERRULES Bormuth's objections (ECF No. 16) and ADOPTS Magistrate Judge Altman's Report and Recommendation (ECF No. 15) in full. Defendant's motion to dismiss (ECF No. 9) is GRANTED. The case is dismissed, and a separate judgment will follow.

SO ORDERED.

Dated: February 16, 2024

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE